**FILED**
JUN 2 0 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Mag. Case No. '08 MJ 8559 |
| Plaintiff, | ) COMPLAINT FOR VIOLATION OF: |
| v. | ) Title 8, U.S.C., Section 1324(a)(1)(A)(ii) |
| Augustin CARRANZA-Duarte | ) Illegal Transportation of Aliens |
| Defendant. | ) |

The undersigned complainant being duly sworn, states:

On or about June 19, 2008, within the Southern District of California, defendant Augustin CARRANZA-Duarte, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, Antonio GIN-Sanchez, Mario MIGUEL-Rojas and Cresnenciano RAFAEL-Joaquin had come to, entered or remained in the United States in violation of law, did transport or move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant states that this complaint is based on the attached statement of facts which is incorporated herein by reference.

_____
Senior Border Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 20th DAY OF JUNE 2008.

_____
HONORABLE PETER C. LEWIS
United States Magistrate Judge

UNITED STATES OF AMERICA
v.
Augustin CARRANZA-Duarte

STATEMENT OF FACTS

The complainant states that this complaint is based upon statements in the investigative reports by the apprehending Border Patrol Agent J. Gutierrez that on June 19, 2008, the defendant, a citizen and national of Mexico was apprehended driving a 1992 Chevrolet Suburban near Calexico, California, along with (19) nineteen undocumented aliens from Mexico, in violation of law.

On June 19, 2008, at approximately 6:10 a.m., the Border Patrol Calexico Remote Video Surveillance System (RVSS) operator advised the agents in the field that an Imperial Irrigation District (IID) employee reported a group of suspected illegal aliens had loaded into an older model blue Suburban near Highway 98 and the Alamo River. The IID employee stated the vehicle was heading west on Highway 98.

Agent Gutierrez was heading east on Highway 98 when he observed the blue suburban traveling west on Highway 98 past Bowker Road. As the suburban passed Agent Gutierrez he was able to clearly see that the driver of the suburban, later identified as Augustin CARRANZA-Duarte (CARRANZA), was wearing a dark green shirt. Agent Gutierrez got behind the suburban and followed the vehicle into the city limits. The suburban came to a complete stop near the New River and Anza Road. Agent Gutierrez observed CARRANZA still seated on the driver's seat. CARRANZA exited the vehicle and fled towards the New River. CARRANZA then jumped into the New River attempting to flee. CARRANZA was the only individual who attempted to abscond from the vehicle. Agent Joyner had to jump into the New River in order to arrest CARRANZA.

Agent Joyner identified himself as a United States Border Patrol Agent to CARRANZA and questioned him as to his citizenship. CARRANZA claimed to be a citizen of Mexico without any immigration documents to legally be in the United States. CARRANZA was placed under arrest.

Agent Gutierrez identified himself to the front seat passenger and the eighteen other suspected illegal aliens still inside the back of the Suburban, and questioned them as to their citizenship. All nineteen suspected illegal aliens claimed to be citizens of Mexico without any

immigration documents to legally be in the United States. All nineteen illegal aliens were placed under arrested.

Agent Vega read CARRANZA his rights as per Miranda. CARRANZA claimed to be a citizen of Mexico without any immigration documents to live, work, or remain in the United States legally. CARRANZA stated he was smuggled into the United States illegally. CARRANZA stated he met with an individual named "El Borrego" in Tijuana, Mexico, who was charging CARRANZA $1,500.00 to illegally cross into the United States.

Material Witnesses Antonio GIN-Sanchez (GIN), Mario MIGUEL-Rojas, and Cresnenciano RAFAEL-Joaquin stated they made arrangements to be smuggled into the United States for fees ranging from $2,200.00 to $2,500.00. The material witnesses stated they crossed some water and once in the United States they boarded a vehicle. GIN identified the driver, CARRANZA, from a six-pack photo line-up.

The complainant states that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
| --- | --- |
| Antonio GIN-Sanchez | Mexico |
| Mario MIGUEL-Rojas | Mexico |
| Cresnenciano RAFAEL-Joaquin | Mexico |

Further, complainant states that Antonio GIN-Sanchez, Mario MIGUEL-Rojas and Cresnenciano RAFAEL-Joaquin are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.